IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERENCE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1064-GBW |
| | ) |
| CITY OF WILMINGTON, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Terence Jones, proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] in Superior Court of the State of Delaware for New Castle County, and Defendants timely removed the case to this Court. (D.I. 1, 1-1). Before the Court is Defendants' motion to dismiss (D.I. 4). The matter is fully briefed.

## **I.  BACKGROUND**

Plaintiff's allegations are accepted as true at this stage of the proceedings and are as follows.[2] On July 11, 2020, Plaintiff participated in a peaceful protest

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] In the Complaint, Plaintiff references a video of the incident at the center of his allegations. Defendants submitted the video as an attachment to their motion to dismiss, asserting that it came into their possession when Plaintiff submitted it to them in support of a citizen complaint. (D.I. 5-1). Defendants assert that the Court should consider the video because "[a] court may consider the content of materials referred to in the complaint that form the basis of the plaintiffs' claims, even if the

demonstration after the killing of George Floyd. During the protest, Defendant Guy DeBonaventura, an officer with Wilmington Police Department, grabbed Plaintiff's private area, shoved him, and violently pushed him to the ground, injuring his lower back, lower spine, and hips. Plaintiff was neither detained, nor arrested, following the incident.

---

plaintiffs neglect to attach the materials to the complaint." (D.I. 5 at 5 n.5) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), and *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 2006)). The cases upon which Defendants rely are all cases involving consideration of documents, not videos, at the motion to dismiss stage. While the consideration of documents referred to in a complaint is common when adjudication motions to dismiss, the consideration of videos is rare. This is not to say that courts never consider video evidence while adjudicating motions to dismiss. *See, e.g., McLaurin v. City of Erie*, 2022 U.S. Dist. LEXIS 81448, at *11-13 (W.D. Pa. May 4, 2022) (report and recommendation considering video evidence on motion to dismiss and collecting Seventh Circuit case law in support); *Coles v. Carlini*, 2012 WL 1079446, at *7 (D.N.J. Mar. 29, 2012). Such reliance, however, is the exception to the general rule. *See, e.g., Slippi-Mensah v. Mills*, 2016 WL 4820617, at *3-4 (D.N.J. Sept. 14, 2016); *Liebler v. City of Hoboken*, 2016 WL 3965198, at *3 (D.N.J. July 21, 2016). The Court will decline to consider the video evidence. The video evidence, as described, depicts one angle of the incident, which apparently was witnessed by a large number of people. *See Velez v. Fuentes*, 2016 WL 4107689, at *8 (D.N.J. July 29, 2016) ("While the video of Plaintiff's arrest provides the Court with important insight into the events at issue, any assessment of the probative value of video evidence must take into account that the camera, while an immutable witness, can only describe events from the particular perspective of the video's lens. . . . The video evidence is subject to all of the vagaries and limitations of the camera's perspective and commentators have cautioned courts to refrain from a reflexive reliance on equivocal video evidence when reaching ultimate legal conclusions.") (quotations omitted and cleaned up).

Plaintiff also names as Defendants the City of Wilmington, the City of Wilmington Police Department, and Wilmington Police Department Chief Robert J. Tracy. He brings claims for excessive force, First Amendment retaliation, intentional infliction of emotional distress, municipal liability, and negligence. For relief he seeks damages.

## II. LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required

to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

The allegations in Plaintiff's Complaint are sufficient to state claims against Defendant DeBonaventura for excessive force and retaliation. Defendant DeBonaventura asserts that he is entitled to qualified immunity. This assertion is premature because there are unresolved questions of fact relevant to the analysis. Dismissal on qualified immunity grounds will therefore be denied without prejudice to renew on a fuller record.

Plaintiff fails to state a claim against Defendant Tracy. A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Plaintiff has not adequately alleged Defendant Tracy's personal involvement and the claims against him will therefore be dismissed.

The Wilmington Police Department falls under the umbrella of the City of Wilmington. As such the claims against the Wilmington Police Department are no different than had they been raised against the City of Wilmington. Therefore, the claims against the Wilmington Police Department will be dismissed.

A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by

5

a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404, (1997).

The claims against Wilmington are pled in a conclusory manner without supporting facts. Indeed, Plaintiff has not pled facts demonstrating that Wilmington was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by Wilmington directly caused harm to Plaintiff, the claim cannot stand and will be dismissed.

Plaintiff also fails to state a claim for intentional infliction of emotional distress. Delaware applies Restatement (Second) of Torts § 46 in defining the elements of intentional infliction of emotional distress. *See Cummings v. Pinder*, 574 A.2d 843, 845 (Del. 1990) (per curiam). That section imposes liability, in relevant part, on "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another . . . and if bodily harm to the

other results from it, for such bodily harm." Outrageous conduct is "conduct that exceeds the bounds of decency and is regarded as intolerable in a civilized community." *Goode v. Bayhealth Med. Ctr. Inc.*, 931 A.2d 437, 2007 WL 2050761, at *2 (Del. July 18, 2007) (Table). The conduct alleged falls well short of satisfying this standard.

With regard to Plaintiff's state law claims under various theories of negligence, Defendants seeks dismissal by reason of their immunity from liability under the Delaware Municipal Tort Claims Act ("Tort Claims Act"), 10 Del. C. § 4010, et seq. Under the Tort Claims Act, "all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages." 10 Del. C. § 4011(a). The Act has one narrow exception: "An employee may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent." *Id.* § 4011(c).

The Complaint does not allege facts from which it could be inferred that Defendants' actions meet the exceptions of the Tort Claims Act sufficient to impose liability. Plaintiff's negligence claims are clearly barred by the Act and no exceptions apply because the conduct alleged cannot in any sense be characterized

7

as wanton negligence. *See Davis v. Rinehart*, 2014 WL 4749192, at 5-6 (D. Del. Sept. 22, 2014) (Torts Claim act bars negligence claims).

## IV. CONCLUSION

Now therefore, at Wilmington, this 2nd day of October, 2023;

HIT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (D.I. 4) is **GRANTED in part and DENIED in part.**

2. Defendants City of Wilmington, City of Wilmington Police Department, and Tracy are **DISMISSED.**

3. Plaintiff may choose to amend his federal claims against Defendants City of Wilmington and Tracy, or now proceed solely on his excessive force and retaliation claims against Defendant DeBonaventura.

4. If Plaintiff opts to not file an amended complaint, the dismissals of the dismissed claims will become final. If Plaintiff chooses to file an amended complaint, it will supersede the original complaint (meaning that the original complaint will not be considered). The amended complaint will need to contain his allegations and claims against Defendant DeBonaventura.

5. If Plaintiff chooses to file an amended complaint, it must be filed on or before October 30, 2023. If Plaintiff chooses instead to now proceed solely on

8

his claims against Defendant DeBonaventura, he should so notify the Court in writing filed with the Court.

6. If Plaintiff proceeds only on claims against Defendant DeBonaventura, this Defendant's answer must be filed within twenty-one (21) days of Plaintiff's filed written notification, or by November 15, 2023 if Plaintiff fails to file an amended complaint by October 30, 2023, whichever is earlier.

_____
The Honorable Gregory B. Williams
United States District Judge