IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERENCE JONES, | |
| Plaintiff, | |
| v. | C.A. No. 22-1064-GBW |
| OFFICER GUY DEBONAVENTURA, | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court are the following motions *in limine* of Defendant Guy DeBonaventura ("Defendant"):

1. Motion *in Limine* to Exclude Evidence, Testimony or Argument Relating to Parties and/or Claims that Have Been Dismissed ("Defendant's Motion No. 1");

2. Motion *in Limine* to Exclude Evidence Not Produced by Plaintiff in Discovery, and Any Related Testimony or Argument Concerning Such Evidence ("Defendant's Motion No. 2"); and

3. Motion *in Limine* to Exclude Evidence, Testimony, or Argument Regarding Plaintiff's Alleged Injuries Which Are Not Supported By Expert Medical Testimony ("Defendant's Motion No. 3"),

(collectively, "Defendant's Motions"). (D.I. 51). For the reasons set forth below, Defendant's Motions are DENIED.

I.  **BACKGROUND**

   A.  **Complaint Allegations**

According to the Complaint (D.I. 1, Ex. A), on or about July 11, 2020, Plaintiff Terence Jones ("Plaintiff") "was part of a peaceful protest demonstration organized through Justice for Jeremy McDole." (D.I. 1, Ex. A ¶ 11). "While peacefully protesting, [Plaintiff's] private area was grabbed by [Defendant], [Plaintiff was] shoved by [Defendant] and other unknown officers, and [Plaintiff was] knocked off his feet to the concrete." (*Id.* ¶ 16). The Complaint also alleges that "[v]ideo shows police assaulting and using excessive force with Plaintiff." (*Id.* ¶ 15). "In said video, officers were shown smirking and laughing as [Plaintiff] was assaulted." (*Id.* ¶ 18). "As a result, [Plaintiff] suffered an injury to his lower back, lower spine, and hip." (*Id.* ¶ 17). Plaintiff "also suffered financial loss due to the incident . . . ." (*Id.* ¶ 20).

There are two counts remaining, solely against Defendant, in this case: excessive use of force and retaliation against protected speech activity, pursuant to 42 U.S.C. § 1983. (*See* D.I. 1, Ex. A ¶¶ 21-30; *see also* D.I. 15 (dismissing other counts and defendants)). By way of this civil action, Plaintiff seeks unspecified monetary damages, costs, legal fees, trial by jury, and "other relief as this Court deems just and equitable." (D.I. 1, Ex. A at 9).

   B.  **Procedural History**

On July 11, 2022, Plaintiff filed the Complaint with the Superior Court of the State of Delaware.[1] (D.I. 1, Ex. A). On August 12, 2022, Defendants Guy DeBonaventura, John Does 1-10, and other parties subsequently removed this civil action to this Court. (D.I. 1). On November 7, 2025, the Court issued a Memorandum Opinion, denying Defendant's motion for summary

---

[1] Plaintiff's Complaint was E-Filed with the Delaware Superior Court on July 15, 2022, but dated July 11, 2022. (*See* D.I. 1, Ex. B at 2 (E-File date of July 15, 2022 but noting that the Complaint was filed conventionally on July 11, 2022)).

judgment and ordering "the parties to meet and confer and file a proposed trial schedule." (D.I. 43 at 1). On December 10, 2025, the Court entered a trial scheduling order, requiring that (1) a joint proposed final pretrial order, (2) proposed voir dire, (3) preliminary jury instructions, (4) final jury instructions, (5) special verdict forms, and (6) motions *in limine* (and responses thereto) be filed no later than January 6, 2026. (D.I. 47 ¶¶ 2-4). As of January 9, 2026, the Court has not received any such filings from Plaintiff, (*see generally Jones v. DeBonaventura*, 22-1064 (no such filings from Plaintiff by January 9, 2026)), despite numerous communications by Defendant reminding Plaintiff of the deadline and requesting his compliance in drafting the required materials. (D.I. 52).

## II. LEGAL STANDARD

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules." *Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) (nonprecedential) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *DNOW, L.P. v. Schramm, Inc.*, C.A. No. 17-1575, 2019 WL 13229219, at *1 (D. Del. May 17, 2019) (quoting *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. 15-859, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017)).

"A motion *in limine* is a vehicle to exclude inadmissible or prejudicial evidence before it is offered at trial." *Novartis AG v. Actavis Elizabeth LLC*, C.A. No. 14-1487-LPS, 2017 WL 1398347, at *2 (D. Del. Apr. 17, 2017); *see also Chervon (HK) Ltd. v. One World Techs., Inc.*, C.A. No. 19-1293, 2025 WL 2630480, at *1 (D. Del. Feb. 5, 2025). "A motion *in limine* is designed to 'narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Chervon*, 2025 WL 2630480, at *1 (quoting *Bradley v. Pittsburgh Bd. of Educ.*,

3

913 F.2d 1064, 1069 (3d Cir. 1990)). Therefore, "[a] motion *in limine* is appropriate for 'evidentiary submissions that clearly ought not be presented . . . because they clearly would be inadmissible for any purpose.'" *Chervon*, 2025 WL 2630480, at *1 (alterations in original) (quoting *Evolved Wireless, LLC v. Apple Inc.*, C.A. No. 15-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019)); *see also Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) ("Evidence should not be excluded pursuant to a motion *in limine*, unless it is clearly inadmissible on all potential grounds.").

Although "[m]any motions *in limine* do require the court's disposition pretrial," *United States v. Adams*, 36 F.4th 137, 150 (3d Cir. 2022), "motions *in limine* often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, "[a] trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." *DNOW*, 2019 WL 13229219, at *1 (quoting *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)).

### III. DISCUSSION

Defendant has filed three motions *in limine*, seeking to preclude Plaintiff from offering certain categories of evidence and testimony. (D.I. 51 at 1-9). Plaintiff has failed to respond by the Court's January 6, 2026 deadline.[2] (*See generally Jones v. DeBonaventura*, 22-1064 (no such

---

[2] The Court recognizes that Federal Rule of Civil Procedure 6(e) "adds a rebuttable presumption of three days' mailing time to be added to a prescribed period whenever a statutory period begins on receipt or service of notice." *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108, n.5 (3d Cir. 2003). However, "Rule 6(e) does not apply to deadlines imposed by, or following, a court order," such as the Court's Trial Scheduling Order. *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 82 (3d Cir. 2004) (citing *Albright v. Virtue*, 273 F.3d 564, 571 (3d Cir. 2001)). Therefore, January 6, 2026 was Plaintiff's operative deadline for supplying the Court with his opposition to Defendant's Motions.

filings from Plaintiff by January 9, 2026); *see also* D.I. 47 ¶¶ 2-4 (setting January 6 deadline)). Although courts grant *pro se* plaintiffs leniency in considering their filings, *pro se* plaintiffs are nevertheless expected to "follow the rules of procedure and the substantive law. . . ." *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007) (citations omitted); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (noting that "*pro se* litigants must . . . abide by the same rules that apply to all other litigants."). However, the Third Circuit has cautioned courts against treating motions as unopposed when a *pro se* litigant fails to file an opposition to said motion. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (Concluding that, although "[t]here may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney," dismissing a *pro se* litigant's complaint, without addressing the merits and pursuant to a local rule instructing the district court to deem a motion as unopposed when the nonmoving party fails to respond by the deadline, was inappropriate.). Therefore, the Court will address the merits of Defendant's Motions.

### A. The Court Denies Without Prejudice Defendant's Motion No. 1

Defendant has moved to exclude evidence, testimony, or argument from Plaintiff relating to parties or claims that have been dismissed. (D.I. 51 at 1-2)[3]. Specifically, Defendant "anticipates that Plaintiff will attempt to introduce evidence, testimony, or argument to show that" former Defendants, including former Wilmington Chief of Police Robert Tracy ("Chief Tracy"), the Wilmington Police Department ("WPD"), and the City of Wilmington ("Wilmington"), "were

---

[3] Defendant appears to have filed the pages of his motions *in limine* out of order. (*See* D.I. 51 (bottom pagination of motion going from 2 to 1)). In citing Defendant's Motions, the Court will therefore refer to the page number at the bottom of each page, rather than the order of the pages as they appear on the docket.

complicit or participated in covering up prior instances of the alleged use of excessive force by other WPD officers." (D.I. 51 at 2). Defendant asserts that he "alone is on trial in this matter for his purported conduct during the protest." (*Id.* at 3). Therefore, testimony, argument and "associated evidence that is unrelated to the two (2) remaining claims . . . is irrelevant under [Federal Rule of Evidence] 402." Moreover, according to Defendant, "any probative value of the evidence under [Federal Rule of Evidence] 401 is substantially outweighed by the danger of unfair prejudice to" Defendant. (*Id.*). Plaintiff has not filed an opposition. (*See generally Jones v. DeBonaventura*, 22-1064 (no such filings from Plaintiff by January 9, 2026)).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "In assessing whether the proffered evidence is relevant," the Court must consider the evidence in light of the elements of the asserted claims. *United States v. Ballard*, Criminal Action No. 11-455, 2012 WL 72707, at *3 (E.D. Pa. Jan. 10, 2012). Here, there are only two claims remaining, an excessive force claim and a retaliation claim, both brought pursuant to 42 U.S.C. § 1983. *See* D.I. 51 at 1. The Court will lay out the elements for both.

"An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). Therefore, "[a] cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution." *Groman*, 47 F.3d at 633-34 (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990)). The elements of a Fourth Amendment excessive-force claim are (1) that a seizure occurred, and (2) that said seizure was unreasonable under the circumstances.

*Lamont v. New Jersey*, 637 F.3d 177, 183 (3d Cir. 2011) (citing *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989); *Graham*, 490 U.S. at 395-96). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)). Moreover, "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citing *Scott v. United States*, 436 U.S. 128, 137-39 (1978); *Terry*, 392 U.S. at 21).

A First Amendment retaliation claim has three elements: "(1) that [the plaintiff] engaged in a protected activity, (2) that [the] defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted). "A defendant may defeat the claim of retaliation by showing that it would have taken the same action even if the plaintiff had not engaged in the protected activity." *Id.*

With the above legal standards in mind, the Court concludes that it is unable to determine whether Plaintiff should be precluded from offering argument, testimony, and evidence at this time. "[T]he threshold for relevance is low." *Thomas v. Dragovich*, 142 F. App'x 33, 37 (3d Cir. 2005). However, even if any such evidence is relevant, "its probative value must be carefully balanced, pursuant to Rule 403, against its possible prejudicial effect." *Forrest v. Beloit Corp.*, 424 F.3d 344, 356 (3d Cir. 2005). The admissibility of evidence, such as the kind Defendant

anticipates Plaintiff to offer, is a context-specific inquiry, "which turns upon the facts and circumstances of each particular case." *Id.* at 357 (citations omitted).

Plaintiff has not indicated he will seek to introduce evidence of the type Defendant seeks to preclude, nor has Plaintiff explained how he would attempt to use such information to help prove a fact in dispute. The Court recognizes that this is partly due to Plaintiff's failure to adequately participate in the pretrial process. (*See* D.I. 52 (Defendant's letter explaining how Plaintiff did not participate in the drafting of the proposed pretrial order, voire dire, and jury instructions)). However, given Plaintiff's *pro se* status, the Court has determined that the best course of action is to deny Defendant's Motion No. 1, without prejudice, until Plaintiff seeks to introduce any such evidence. If Plaintiff attempts to introduce evidence that runs afoul of Rule 402 or Rule 403, Defendant may object and renew his Motion No. 1 at that time.

### B. The Court Denies Defendant's Motion No. 2

Defendant next moves to preclude "Plaintiff from introducing documents or other materials at trial that [Defendant] requested in discovery but were never produced by Plaintiff." (D.I. 51 at 4). Defendant points to Plaintiff's reference to "newly discovered evidence" in several filings that Plaintiff made with the Court. (*Id.* at 5 (citing D.I. 35 at 3; D.I. 37 at 1, 4; D.I. 38 at 1-2)). Additionally, Defendant claims that Plaintiff sent Defendant's counsel an email with more newly discovered evidence on December 16, 2025, which Plaintiff contends he received on December 13, 2025. (*Id.*). This "newly discovered evidence" was comprised of (1) an affidavit signed by a Jasmin Jones (whom Defendant contends is Plaintiff's daughter), and (2) a cell phone video she took on the date of the incident. (*Id.*). According to Defendant, this evidence should have been produced during discovery, as it was encompassed by several of Defendant's prior discovery

8

requests.[4] (*Id.*). Therefore, Defendant asserts that Plaintiff has failed to provide information as required by Federal Rules of Civil Procedure 26(e), and pursuant to Federal Rule of Civil Procedure 37(c)(1) Plaintiff should be precluded to use said information at trial. (D.I. 51 at 5-6). Plaintiff has failed to file an opposition.

Federal Rule of Civil Procedure 26(e) provides that a party "who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e). Here, the video evidence and sworn affidavit that Defendant seeks to preclude Plaintiff from introducing are within the scope of prior discovery requests. *See supra* n.4. However, Plaintiff claims he received this "newly discovered evidence" on December 13, 2025. (D.I. 51, Ex. C at 1). Plaintiff provided said "newly discovered evidence" to Defendant on December 16, 2025. (*Id.*). Defendant fails to provide an instance where a Rule 26(e) supplementation was deemed untimely when it was made three days after receiving the information at issue. (*See generally* D.I. 51 at 4-6 (failing to identify any such case)). In one case Defendant cites, *Keiser v. Borough of Carlisle*, No. 15-450, 2017 WL 4053695 (M.D. Pa. Sept. 13, 2017), the court found a Rule 26(e) supplemental disclosure timely when it occurred 17 days after the late-producing party acquired the relevant information (albeit several months before trial).

---

[4] These requests include that Plaintiff produce "[a]ny and all . . . visual recordings . . . available to [Plaintiff] concerning any aspect of the litigation," (D.I. 22, Ex. 1 at 21), and all "thing which [Plaintiff] intend[s] to rely upon at trial . . . for any purpose," (D.I. 22, Ex. 1 at 20). Plaintiff was also asked, in several interrogatories, to identify all materials upon which he would rely in support of certain assertions in the Complaint. (D.I. 22, Ex. 1 at 10-11).

2017 WL 4053695, at *3. Although "the purpose of Rule 26(e) is 'effectively frustrated' when a party makes supplemental disclosures on a timeline that causes the opposing party to be 'denied the opportunity to conduct discovery on the supplemented responses,'" and here Plaintiff provided the Rule 26(e) supplementation a little over a month before trial and long after the close of fact discovery, Defendant does not identify any discovery he is now unable to take because of Plaintiff's December 16, 2025 disclosure. (*See generally* D.I. 51 at 4-6 (failing to identify any such discovery)). Therefore, any frustration of the purpose of Rule 26(e) is minimized and the Court is unable to conclude, under the current circumstance, that Plaintiff's December 16, 2025 disclosure was untimely.

Even if the Court were to find that Plaintiff's December 16, 2025 disclosure was untimely, it would nonetheless deny Defendant's Motion No. 2. Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, "[t]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977)). "In considering whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties, [the Court] must consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wil[l]fulness in failing to comply

with a court order or discovery obligation." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (citing *Konstantopoulos*, 112 F.3d at 719).

Here, Defendant claims that he is prejudiced by Plaintiff's December 16, 2025 disclosure. (D.I. 51 at 6). However, Defendant does not actually specify *how* he is prejudiced. (*Id.*). Defendant does not identify any discovery he would have taken if the disclosure was made earlier, nor does he identify how the allegedly untimely disclosure impacted his trial preparation. (*Id.*). Additionally, although Defendant generically asserts that admitting the evidence disclosed by Plaintiff on December 16, 2025 would "disrupt an orderly and efficient trial," Defendant likewise fails to provide the Court with any specificity. (*Id.*). Lastly, Defendant alleges that Plaintiff acted in bad faith in complying with his discovery obligations. (*Id.*). In doing so, however, Defendant fails to assert how Plaintiff could have complied with his discovery obligation by propounding a video he did not have possession of until December 13, 2025. (*See* D.I. 51 at 4-6). Such a failure, in the present circumstance, does not allow the Court to draw the conclusion that Plaintiff has acted in bad faith.

Ultimately, Defendant's Motion No. 2 contains nothing more than broad allegations of prejudice, disruption, and bad faith, bereft of any specific details. Given that the "exclusion of critical evidence is an 'extreme' sanction," *Konstantopoulos*, 112 F.3d at 719, had the Court found that Plaintiff's December 16, 2025 disclosure failed to comply with Rule 26(e), it would nonetheless deny to exclude the evidence therein pursuant to Federal Rule of Civil Procedure 37(c)(1).

C. <u>**The Court Denies Without Prejudice Defendant's Motion No. 3**</u>

Lastly, Defendant moves to preclude Plaintiff from offering "any evidence, testimony, or argument regarding injuries that Plaintiff attributes to [Defendant's] purported conduct alleged in

the Complaint." (D.I. 51 at 7). Defendant speculates that Plaintiff will testify that Defendant's conduct injured his "lower back, lower spine, tailbone, and hips." (*Id.*). According to Defendant, Plaintiff cannot offer testimony regarding the causation of his injuries (such as a medical diagnosis), because he is not competent to render medical expert testimony. (*Id.*). Instead, Defendant asserts Plaintiff's allowable testimony is limited to "what occurred and any symptoms he experienced after the purported incident." (D.I. 51 at 7). Plaintiff did not respond in opposition.

Federal Rule of Evidence 701 limits the testimony of a lay witness "to one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required." *Rivera v. Royal Caribbean Cruises Ltd.*, 711 F. App'x 952, 954 (11th Cir. 2017). Here, Plaintiff is anticipated to offer testimony regarding injuries he sustained as a result of the complained-of incident, some of which may mirror injuries Plaintiff sustained from prior car accidents. (D.I. 51 at 7; *see also id.*, Ex. A at 327:22-338:04). However, at this juncture, the Court is unable to conclude that the causal link between the alleged incident and Plaintiff's injuries would not be readily apparent to a lay person. Here, Plaintiff has admitted to receiving car-accident-related injuries, and subsequent medical treatment, to certain parts of his body that he also alleges were injured by Defendant's conduct. Plaintiff also explicitly states that he never had prior issues with other parts of his body that he claims were injured by Defendant. (D.I. 51, Ex. A at 328:15-19). Ultimately, deciding whether Plaintiff can opine on whether there is a causal link between his injuries and Defendant's alleged conduct is a context-specific inquiry which the Court is unable to decide at this time. Defendant's

Motion No. 3 is therefore denied without prejudice to renew once the Court is able to get a more fulsome understanding of the context surrounding Plaintiff's anticipated testimony.

### IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motions.

\* \* \*

WHEREFORE, at Wilmington this 12th day of January 2026, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion *in Limine* to Exclude Evidence, Testimony or Argument Relating to Parties and/or Claims that Have Been Dismissed is **DENIED WITHOUT PREJUDICE**;

2. Defendant's Motion *in Limine* to Exclude Evidence Not Produced by Plaintiff in Discovery, and Any Related Testimony or Argument Concerning Such Evidence is **DENIED**; and

3. Defendant's Motion *in Limine* to Exclude Evidence, Testimony, or Argument Regarding Plaintiff's Alleged Injuries Which Are Not Supported By Expert Medical Testimony is **DENIED WITHOUT PREJUDICE**.

_____<br>
GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE